Case 2:12-cv-01203-CDJ   Document 2   Filed 03/16/12   Page 1 of 15

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDWARD V. ELLIS, SR., and
JENNIFER L. SEIDEL,

Defendants.

*12cv1203-File*

**FILED**

MAR 1 6 2012

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## FINAL JUDGMENT AS TO DEFENDANTS EDWARD V. ELLIS, SR. AND
## JENNIFER L. SEIDEL

The Securities and Exchange Commission having filed a Complaint and Defendants

Edward V. Ellis, Sr. and Jennifer L. Seidel having each entered general appearances; consented

to the Court's jurisdiction over Defendants and the subject matter of this action; consented to

entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any

right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule

10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in
connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances
under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would
operate as a fraud or deceit upon any person.

### II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants
and Defendants' agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities
Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use
of any means or instruments of transportation or communication in interstate commerce or by use
of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact
or any omission of a material fact necessary in order to make the statements
made, in light of the circumstances under which they were made, not misleading;
or

2

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

and Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

[15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

3

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

are jointly and severally liable for disgorgement of $519,500, representing ill-gotten gains as a

result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $50,075 for a total of $569,575. In view of the restitution order entered in *United*

*States v. Jennifer Seidel and Edward Ellis*, Crim. No. 2:09-CR-00609-CDJ (E.D. Pa. 2009) (the

"Criminal Proceeding"), which concerns, among other things, the same conduct alleged in the

Commission's Complaint in the captioned matter, the disgorgement and prejudgment interest

obligations of Defendants shall be deemed satisfied by the entry of the order in the Criminal

Proceeding requiring Defendants Ellis and Seidel to jointly and severally pay restitution of

$798,492.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act

[15 U.S.C. § 77t(e)], Defendants are prohibited from acting as an officer or director of any issuer

that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

§ 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C.

§ 78o(d)].

4

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each Defendant's

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _March 15, 2012_

UNITED STATES DISTRICT JUDGE

5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDWARD V. ELLIS, SR., and
JENNIFER L. SEIDEL,

Defendants.

## CONSENT OF DEFENDANT JENNIFER L. SEIDEL

1.      Defendant Jennifer L. Seidel ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Jennifer Seidel and Edward Ellis*, Crim. No. 2:09-CR-00609-CDJ (E.D. Pa. 2009), Defendant pleaded guilty to violations of 18 U.S.C. §§ 1014, 1341, 1343 and 1344. In connection with that plea, Defendant admitted, among other things, that from on or about August 2007 through October 16, 2008, she devised and intended to devise a scheme to defraud investors in Sederon, Inc. ("Sederon"), a company controlled by Defendant and Edward V. Ellis, Sr. ("Ellis"), to obtain money and property from them by means of false and fraudulent pretenses, representations and promises.

3.    Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from violating Sections 5 [15 U.S.C. § 77e] and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

        (b)    prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

        (c)    orders that Defendant is jointly and severally liable with Ellis in the amount of $519,500, plus prejudgment interest thereon in the amount of $50,075, but provides that the total of such disgorgement and prejudgment interest, $569,575, shall be deemed satisfied by the entry of the order in the criminal proceeding, *United States v. Jennifer Seidel and Edward Ellis*, Crim. No. 2:09-CR-00609-CDJ (E.D. Pa. 2009), requiring Defendants Seidel and Ellis to jointly and severally pay $798,492 in restitution.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

2

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

3

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

4

SEC-PHILADELPHILA
03/08/2012 17:15 FAX 12154464271 SEC-PHILADELPHILA @012/029
Case 2:12-cv-01203-CDJ Document 2 Filed 03/16/12 Page 10 of 15

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/26/12

Jennifer L. Seidel

On 1/26, 2012 Jennifer L. Seidel, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Maryanne O'Malley, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires May 28, 2014

Approved as to form:

David E. Shapiro
1429 Walnut Street, Suite 1301
Philadelphia, PA 19102
215-816-3935
Attorney for Defendant

5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDWARD V. ELLIS, SR., and
JENNIFER L. SEIDEL

Defendants.

### CONSENT OF DEFENDANT EDWARD V. ELLIS

1.      Defendant Edward V. Ellis, Sr. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Jennifer Seidel and Edward Ellis*, Crim. No. 2:09-CR-00609-CDJ (E.D. Pa. 2009), Defendant pleaded guilty to violations of 18 U.S.C. §§ 1341 and 1343. In connection with that plea, Defendant admitted, among other things, that from on or about August 2007 through October 16, 2008, he devised and intended to devise a scheme to defraud investors in Sederon, Inc. ("Sederon"), a company controlled by Defendant and Jennifer L. Seidel ("Seidel"), to obtain money and property from them by means of false and fraudulent pretenses, representations and promises.

3. Defendant hereby consents to the entry of the Final Judgment in the form

attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other

things:

> (a) permanently restrains and enjoins Defendant from violating Sections 5 [15
> U.S.C. § 77e] and 17(a) of the Securities Act of 1933 ("Securities Act")
> [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of
> 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R.
> § 240.10b-5] thereunder;

> (b) prohibits Defendant from acting as an officer or director of any issuer that
> has a class of securities registered pursuant to Section 12 of the Exchange
> Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section
> 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

> (c) orders that Defendant is jointly and severally liable with Seidel for
> disgorgement in the amount of $519,500, plus prejudgment interest
> thereon in the amount of $50,075, but provides that the total of such
> disgorgement and prejudgment interest, $569,575, shall be deemed
> satisfied by the entry of the order in the criminal proceeding, *United States
> v. Jennifer Seidel and Edward Ellis*, Crim. No. 2:09-CR-00609-CDJ (E.D.
> Pa. 2009), requiring Defendants Seidel and Ellis to jointly and severally
> pay $798,492 in restitution.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

2

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of
the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats,
offers, promises, or inducements of any kind have been made by the Commission or any
member, officer, employee, agent, or representative of the Commission to induce Defendant to
enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment
with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground,
if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and
hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final
Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant
of its terms and conditions. Defendant further agrees to provide counsel for the Commission
within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit
or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted
against Defendant in this civil proceeding. Defendant acknowledges that no promise or
representation has been made by the Commission or any member, officer, employee, agent, or
representative of the Commission with regard to any criminal liability that may have arisen or
may arise from the facts underlying this action or immunity from any such criminal liability.
Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,
including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

3

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

4

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/19/12

Edward V. Ellis, Sr.

On *January 19*, 2012, Edward V. Ellis, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public

Commission expires: 5/19/13

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
V. Lucas, Notary Public
Tamaqua, Borough, Schuylkill County
My Commission expires May 19, 2013

5